IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MASAE FANENE,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF ALASKA,<br>DEPARTMENT OF CORRECTIONS,<br><br>    Defendant. | Case No. 3:22-cv-00018-JMK<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO DISMISS AND UNOPPOSED MOTION TO AMEND COMPLAINT** |

**A. Motion to Dismiss**

At Docket 34, Plaintiff has moved to dismiss without prejudice the claims against Defendant "Jane Doe." Defendant "Jane Doe" has not been identified in discovery and has not answered or otherwise appeared in this litigation.[1] Defendant the State of Alaska, Department of Corrections, does not oppose the dismissal of "Jane Doe."[2] Accordingly, pursuant to Federal Rule of Civil Procedure 41(a)(2),

IT IS HEREBY ORDERED that Defendant "Jane Doe" is dismissed from this litigation without prejudice, with both sides to incur their own costs and attorneys' fees relative to the claims against "Jane Doe."

---

[1] Docket 34 at 1.
[2] *Id.*

## B. Motion for Leave to File Amended Complaint

At Docket 35, Plaintiff moves for leave to file her First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Plaintiff's proposed amendments consist of (1) omitting claims previously alleged against defendants who have been dismissed from this lawsuit, and (2) omitting a claim against defendant "Jane Doe" in her individual capacity.[3] Plaintiff asserts that the proposed amendments "do not materially change the substance of her claims against the State of Alaska, Department of Corrections," and therefore do not prejudice the State of Alaska.[4] The State of Alaska does not oppose granting Plaintiff leave to amend.

Federal Rule of Civil Procedure 15(a)(2) provides that, once the deadline to amend as a matter of course has passed, a party may amend its pleading "only with the opposing party's written consent or the court's leave."[5] "The court should freely give leave when justice so requires."[6] The Ninth Circuit has instructed that "[r]equests for leave should be granted with 'extreme liberality.'"[7] Consistent with the liberal spirit of Rule 15, courts should decline to grant leave to amend only "if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc.'" (together, "the

---

[3] Docket 35 at 5–6.
[4] *Id*. at 6.
[5] Fed. R. Civ. P. 15(a)(2).
[6] *Id.*
[7] *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (quoting *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009)).

*Fanene v. State of Alaska, Department of Corrections*  Case No. 3:22-cv-00018-JMK
Order Granting Plaintiff's Motion to Dismiss and Motion for Leave to Amend  Page 2
Case 3:22-cv-00018-JMK   Document 37   Filed 08/17/22   Page 2 of 4

*Foman* factors").[8] Among these factors, "the consideration of prejudice to the opposing party . . . carries the greatest weight."[9] Indeed, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."[10]

The State of Alaska, Department of Corrections is the only remaining defendant in this action, following the dismissal of "Jane Doe." The State of Alaska consented to Plaintiff's proposed amendments. Accordingly, leave to amend is proper under Rule 15(a)(2). Further, the proposed amendments, which are intended to streamline this litigation following the stipulated dismissals of several of the defendants, presents no risk of prejudice to the State of Alaska. The Court therefore GRANTS Plaintiff's Motion for Leave to Amend. *Plaintiff filed her proposed First Amended Complaint as a document entitled "First Motion to Amend/Correct Plaintiff's First Amended Complaint" at Docket 36. Plaintiff shall re-file this document as an amended complaint, not a motion, within seven (7) days of this Order.*

C.     **Motion to Amend Case Caption**

Finally, Plaintiff moved to amend the case caption to omit any reference to "Jane Doe" and defendants who previously were dismissed from this lawsuit.[11] The Court GRANTS Plaintiff's request to amend the case caption to omit parties that have been

---

[8] *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).
[9] *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).
[10] *Id.* (emphasis in the original).
[11] *See* Docket 35; Docket 28.

*Fanene v. State of Alaska, Department of Corrections*                                        Case No. 3:22-cv-00018-JMK
Order Granting Plaintiff's Motion to Dismiss and Motion for Leave to Amend                              Page 3
Case 3:22-cv-00018-JMK     Document 37     Filed 08/17/22     Page 3 of 4

dismissed. The case caption on this Order represents the operative caption the parties shall use going forward.

IT IS SO ORDERED this 16th day of August, 2022, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*Fanene v. State of Alaska, Department of Corrections*   Case No. 3:22-cv-00018-JMK
Order Granting Plaintiff's Motion to Dismiss and Motion for Leave to Amend   Page 4

Case 3:22-cv-00018-JMK   Document 37   Filed 08/17/22   Page 4 of 4